## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

                                                                                                                      Chapter 11
                                                                                                                     Case No. 21-15007-PDR

**STAMATIKE GLARENTZOS,**

    Debtor.

_____/

### SN SERVICING CORPORATION AS
### SERVICER FOR U.S. BANK TRUST, N.A., AS
### TRUSTEE OF THE BUNGALOW SERIES IV
### TRUST'S MOTION FOR RECONSIDERATION OF
### ORDER SUSTAINING OBJECTION TO CLAIM (RE #62)

SN SERVICING CORPORATION AS SERVICER FOR U.S. BANK TRUST, N.A. AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST (collectively referred to as "Secured Creditor"), its successor and/or assigns, by its undersigned counsel hereby submits the following Motion to Reconsider Order Sustaining Objection to Claim entered October 4, 2021 (D.E # 62) ("Motion for Reconsideration").

    **I.**        **INTRODUCTION**

Secured Creditor files this Motion to Reconsider the Court's Order Sustaining Debtor's Objection to Claim (the "Order") entered on October 4, 2021 pursuant to Fed. R. Civ. P. Rule 60(b) and the excusable neglect of its counsel in failing to calendar the response deadline.

This mistake and inadvertent error of counsel is uncharacteristic of both Secured Creditor and Secured Creditor's Counsel.  This Motion requests the matter to be reconsidered by the Court, putting the claim back to status quo and allowing the Objection to Claim to be adjudicated on the merits.  The reconsideration will also provide an opportunity for the parties to reach a potential resolution of the issues presented given Debtor is still preparing its proposed Plan of Reorganization.

## II.   PROCEDURAL / FACTUAL BACKGROUND

On or about February 19, 2003, Borrower, Matina Glarentzos, ("Borrower") executed a Flex Pay/Adjustable Rate Note in favor of Indymac in the original principal amount of $870,621.32 for the purchase of property. The note was secured by an agreed first priority mortgage on real property commonly known as 932 N Northlake Drive, Hollywood FL 33019 (the "Property"), to which title was held as John Glarentzos and Matina Glarentzos, his wife. Said Mortgage was recorded on April 9, 2003 as CFN #102803830 in OR BK 34907, Page 1611 of the Public Records of Broward County, FL (the "Mortgage").

On January 8, 2009, a foreclosure action was commenced against the Borrower of record, Matina Glarentzos, title holder John Glarentzos and all akas and believed occupants of the Property, including Debtor Stamatike Glarentzos ("Debtor") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, *Foreclosure Case No. CACE-09-001231*, and which said foreclosure action ultimately resulted in the entry of a Consent Final Judgement of Mortgage Foreclosure, entered on August 21, 2014, in the amount of $1,246,648.89 (the "Final Judgment").

During that foreclosure action, Debtor commenced two bankruptcy filings which contributed to the delay of Secured Creditor's predecessor in interest from exercising its rights to the property. Following dismissal of case 09-19292 on June 30, 2009, and then dismissal of 09-31923 on June 18, 2012, the Parties resumed the foreclosure, ultimately reaching the consent judgment.

On August 17, 2015, Debtor filed a third case as Chapter 11 Petition, case number 15-24839-RBR. On May 3, 2016, Debtor filed an Out of Time Motion for Referral to Mortgage Modification Mediation with Secured Creditor's predecessor in interest OneWest Bank.

OneWest participated fully. The final Mortgage Modification Mediation conference was held on June 23, 2017, where no agreement was reached. Debtor's Chapter 11 was subsequently dismissed on June 30, 2017, with a 180 day bar to refiling.

On April 20, 2018, Debtor filed a fourth bankruptcy, Chapter 11 Petition as case number 18-14679-JKO. Following multiple motions from both Secured Creditor's predecessor and the Debtor as to the claim, a mediation was held on October 17, 2019 as to all issues. In that mediation, the Parties reached a form of agreement resolving then present disputes (the "Settlement Agreement"). Pursuant to the terms of the handwritten agreement, Debtor moved to dismiss his second Chapter 11 case which was entered by the Court on November 13, 2019.

Debtor filed the fifth and instant bankruptcy as a Chapter 11 petition on or about May 24, 2021, case number 21-15007-PDR. Creditor filed its Proof of Claim, #4-2 on July 9, 2021 asserting a total amount due of $1,584,306.04 with $777,221.87 in prepetition arrearages, evidencing payments due and owing since October 1, 2010.

Debtor filed the Objection to Claim on August 9, 2021, lumping Creditor's claim together with another and stating only that the objection should be sustained on the basis of a settlement agreement entered into by Debtor and Secured Creditor's predecessor in interest within the prior bankruptcy case.

 The Settlement Agreement

The Settlement Agreement, a copy of which was attached to Debtor's Objection, required in its terms that Debtor pay to Creditor, care of Creditor's servicer Rushmore Loan Management Services LLC, a monthly payment of $5,400.00 together with a monthly escrow payment for tax and insurance commencing November 1, 2019 and thereafter by the first day of each successive month for 24 months.

The Settlement Agreement further states that on or before November 1, 2021, Debtor shall pay Creditor a lump sum payment of $1,200,000.00.  Should Debtor fail to perform, the Settlement Agreement further stated that the foreclosure sale in the pending state court case may be reset and completed if Debtor defaults subject to a 10 day written notice of default to Debtor and Debtor's bankruptcy counsel.

Debtor failed to make the required monthly payments of $5,400 each.  As such, Debtor is in breach of the Settlement Agreement and Creditor would revert to its foreclosure efforts if not for the instant bankruptcy petition.

Counsel's Error

Creditor's Counsel received the filed Objection to Claim via electronic filing and intended to file an objection thereto prior to the September 8, 2021 deadline.  However, the task was mis-calendared and rather than filing the objection, Creditor instead filed the Motion for Relief From Stay on September 1, 2021.  This is uncharacteristic of Creditor's Counsel and the result of a temporary stress of resources and staff.  Specifically, the clerk responsible for calendaring bankruptcy matters unexpectedly left the firm.  In addition, he failed to provide passwords on his departure that were necessary to unlock the calendar causing additional difficulties.

The failure to file written formal opposition to the Debtor's Objection is an error and caused Secured Creditor's default when it would have otherwise opposed and requested a hearing thereon.  This intention to do so was stated within Creditor's filed Motion for Relief From Stay.

### III. ARGUMENT

### A. Cause Exists For The Court To Reconsider And/Or Vacate Its Order under Rule 60(b)

Under Fed. R. Civ P. Rule 60(b) which is incorporated in the Bankruptcy Code via Fed. R. Bankr. P. 9024, a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. See Fed. R. Civ. P. 60(b); see also De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000) (noting that a district court's denial of Rule 59 and Rule 60(b) motions is reviewed for an abuse of discretion). Mistakes under this rule "consist of instances where *the court changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." Blanton v. Anzalone, 813 F.2d 1574, 1576 at n.2, 1577. (9th Cir. 1987). Rule 60(b)(1) "permits relief when the [trial court] [has] made a substantive error of law or fact in the [sic] its judgment or order." Federal Practice & Procedure – CIVIL RULES: 2010 Quick Reference Guide, Vol. 12B, at 942 (2010) (internal footnotes omitted). Because the words "mistake and inadvertence" are not limited, they may be applied to a mistake made by the judgment debtor or inadvertence by the Court. Gila River Ranch, Inc. v. United States, 368 F.2d 354, 356 (9th Cir. 1966); Restatement of Judgments 2d § 68, Illustration 5 (1982).

Federal Rule 59(e) and Rule 60(b) compliment the discretionary power that bankruptcy courts have as courts of equity "to reconsider, modify or vacate their previous orders so long as

no intervening rights have become vested in reliance on the orders." <u>In re Int'l Fibercom, Inc.</u>, 503 F.3d 933, 940 (9th Cir. 2007)(citations omitted).

Reconsideration is appropriate in the case under Rule 60(b) and specifically the 'excusable neglect' of Creditor's Counsel. <u>Pioneer Inv. Servs. V. Brunswick Assoc. Ltd. P'ship</u>, 507 U.S. 380 (1993). Excusable neglect is an equitable determination, taking account of all relevant circumstances surrounding the movant's omission--including (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the movant, and (5) whether the movant acted in good faith. <u>Id.</u> at 385. Creditor takes each of the factors for consideration set forth in Pioneer, in turn.

1. <u>No Danger of Prejudice to The Debtor</u>- Reconsideration poses no danger of prejudice to the Debtor as to either time or substance. Debtor has yet to file a proposed Plan and/or Disclosure Statement and pursuant to a recent order extending his exclusivity period, has until November 18, 2021 to do so.

Further, reconsideration will only bring the parties back to status quo with respect to the claim rather than the windfall Debtor will receive without reconsideration. Debtor would still be eligible to present argument as to why the settlement agreement terms bind the amount of the claim.

2. <u>Length of Delay And Potential Impact On Judicial Proceedings</u>. Secured Creditor's Motion for Reconsideration is being filed expeditiously and within a reasonable time as described by Rule 60. Again, with the lack of any filed Plan, reconsideration would have no negative impact on the case given its current posture.

3. <u>Reason For The Delay And Whether It Was Within The Reasonable Control Of The</u>

Movant. As stated, undersigned attorney's office received the filed Objection to Claim via electronic filing and intended to file an objection thereto prior to the September 8, 2021 deadline. However, the task was mis-calendared and rather than filing the objection, Creditor instead filed the Motion for Relief From Stay on September 1, 2021. This is uncharacteristic of undersigned attorney's office and the result of a temporary stress of resources and staff. Specifically, the assistance responsible for calendaring bankruptcy matters unexpectedly left the firm. In addition, he failed to provide passwords on his departure that were necessary to unlock the calendar causing additional difficulties.

To prevent future errors, undersigned attorney's office has re-tooled its calendaring system to have access logins controlled by a second employee administrator. Further, Counsel has implemented a double check to its calendaring system requiring that calendaring requests be made to two employees so that no one individual is solely aware of impending deadlines.

4. Whether Movant Active In Good Faith. Creditor and its counsel have acted in good faith in this case to date. The intention to oppose Debtor's objection to Claim was stated within the Motion for relief From Stay. Upon realizing the error, Creditor's Counsel reached out to Debtor's Counsel informing of the intention to seek reconsideration. Creditor has been consistently transparent in its belief that the Settlement Agreement is no longer binding due to Debtor's default and that is evidenced by the Proof of Claim, the Motion for Relief, a written Notice of Default issued directly to Debtor's Counsel, and this instant Motion.

**B. Cause Exists For The Court To Reconsider And/Or Vacate Its Order under Rule 59.**

Rule 59 of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure, allows a Court to alter or

amend a judgment. Fed. R. Bankr. P. 9023. A court may grant a Rule 59(e) motion to alter or amend a judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. The decision to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court. *In re Prince*, 85 F.3d 314 (7th Cir. 1996).

A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Waller v. Frost*, 2006 U.S. Dist. LEXIS 19925, *2-3 (M.D. Ga. 2006) (internal citations and quotation marks omitted). See also *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (internal citations omitted) ("Rule 59(e) may be utilized in timely attempts to vacate judgment. The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court"). Further, a motion under Fed. R. Civ. P. 59(e) cannot be used for a party to attempt a 'second bite at the apple' or as a vehicle to present new arguments or evidence that should have been raised earlier. *Adams v. IBM Corp.*, No. 1:05-CV-3308-TWT, 2006 U.S. Dist. LEXIS 94087, at *3 (N.D. Ga. Dec. 29, 2006).

Debtor's Objection to Claim in this matter was, in the least, incomplete in its factual support of the relief sought. Debtor's basis for the reduced claim is based on the Settlement Agreement, but made no allegations she had met the conditions precedent to the agreed short payoff or that she would pay the sums required on November 1, 2021. Debtor has defaulted on the Settlement Agreement conditions and therefore voided its effectiveness which is evidenced by Secured Creditor's Motion for Relief from Stay. Secured Creditor seeks reconsideration so that both Parties may fully brief and address these issues with the Court.

**WHEREFORE**, Secured Creditor, prays that this Honorable Court set a hearing on the instant Motion for Reconsideration, and for any such other relief that the Court deems just and proper.

**Dated this 14th day of October 2021.**

Respectfully submitted,

**GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
1031 North Miami Beach Blvd
North Miami Beach, Florida 33162-3842
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

By: /s/ Melbalynn Fisher
    Melbalynn Fisher, Esq.
    Florida Bar No. 107698
    mfisher@ghidottiberger.com
    bknotifications@ghidottiberger.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this October 14, 2021, a copy of the foregoing has been furnished by regular mail or electronically where available to all appearances and interested parties on the attached service list.

/s/ Melbalynn Fisher, Esq.

SERVICE LIST:

Stamatike Glarentzos
932 N Northlake Drive
Hollywood, FL 33019

Peter D. Spindel
8306 Mills Dr. #458
Miami, FL 33183

Office of the U.S. Trustee
51 S.W. 1st Ave., Ste. 1204
Miami, FL 33130

Adisley M. Cortez Rodriguez
Office of the U.S. Trustee
51 S.W. 1st Ave., Ste. 1204
Miami, FL 33130